IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ERIK MONROE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. MORTELL, et al.,<br><br>    Defendants. | No. 2:19-CV-2218-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names six defendants: (1) G. Mortell, (2) N. Dordon, (3) C. Cervantes, (4) M. Knedler, (5) Marion E. Spearman, and (6) T. Thompson.  Plaintiff claims defendants violated his First Amendment, Eighth Amendment, and Fourteenth Amendment rights by their actions, or lack thereof, relating to defendant Mortell repeatedly harassing plaintiff.

Defendant Mortell is alleged to have repeatedly used derogatory, discriminatory, and racist language towards plaintiff intending to threaten, provoke, and humiliate him.  Defendant Mortell also allegedly retaliated against plaintiff for a grievance he filed against Mortell and for plaintiff seeking mental health treatment. Defendant Mortell told his colleagues that he intended to harass plaintiff until he "got the response he desired."  ECF 1 at 6.  On May 13, 2019, defendant Mortell verbally sexually harassed plaintiff with the intention of humiliating and threatening plaintiff.  On May 24, 2019, defendant Mortell ordered another unidentified correctional officer to destroy plaintiff's new mattress without justification or cause.  On August 27, 2019, defendant Mortell removed plaintiff's T.V. antenna without justification or cause.  Plaintiff alleges he received multiple 115 rule violations by defendant Mortell in retaliation for filing grievances against defendant Mortell.  As punishment for the retaliatory 115 rule violations, plaintiff alleges defendant Dordon authorized defendant Mortell's request to have plaintiff move housing units on multiple occasions to be under defendant Mortell's supervision and continued harassment. Finally, plaintiff alleges that defendant Mortell ordered plaintiff's status to change for 60 days, prohibiting him from working his job assignment and thereby losing his employment.

/ / /

/ / /

2

1       On May 13, 2019, plaintiff informed defendant Dordon he was sexually harassed by defendant Mortell. As supervisor, defendant Dordon allowed defendant Mortell to continue harassing plaintiff, and authorized housing changes at defendant Mortell's request. Similarly, plaintiff alleges defendants Cervantes, Knedler, and Spearman are liable insofar as a general failure to act in their roles as supervisors. However, only defendant Spearman officially acknowledged defendant Mortell harassing plaintiff by correspondence dated July 24, 2019.

## II.  DISCUSSION

Plaintiff alleges sufficient facts to state cognizable claims of verbal harassment, discrimination, and retaliation against defendant Mortell, violating plaintiff's Eighth, Fourteenth, and First Amendment rights respectively. Plaintiff also states a cognizable Eighth Amendment claim against defendant Dordon, Mortell's supervisor. The Court, however, does not find that plaintiff has alleged sufficient factual allegations to state cognizable claims against defendants Cervantes, Knedler, Thompson, or Spearman.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

/ / /

/ / /

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Plaintiff merely alleges defendants Cervantes, Knedler, Thompson, and Spearman could have prevented defendant Mortell's harassing behavior, which is insufficient. Plaintiff states that only defendant Spearman actually had knowledge of defendant Mortell's treatment of plaintiff, but acquiescence on his part is still insufficient. Id. Plaintiff never provides factual allegations claiming defendants Cervantes, Knedler, Thompson, and Spearman implemented any policy encouraging or condoning defendant Mortell's unconstitutional treatment of plaintiff.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 12, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE